UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DOVER LIMITED,                                    :

                                                  :        Case No.

                        Plaintiff,                :

                                                  :        **07 CV 11215**
            vs.                                   :        SUMMONS

A.B. WATLEY, INC., and A.B. WATLEY GROUP,         :
INC.                                              :

                                                  :

                        Defendants.               :

-------------------------------------------------------X

TO:    A.B. Watley Group, Inc./A.B. Watley Inc.
       50 Broad Street, Suite 1728
       New York, New York 10004


**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney,

THOMAS M. MULLANEY, ESQ., whose address is 708 Third Avenue, Suite 2500, New York,

New York, 10017, a response to the ~~miscellaneous action~~ Complaint which is herewith served upon you,

forthwith.  If you fail to do so, the relief requested will be granted.  You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.


**J. MICHAEL McMAHON**
_____
*Clerk*

_____
                                          (By) Deputy Clerk

*Date*    DEC 1 3 2007

LAW OFFICES OF THOMAS M. MULLANEY
THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, New York, 10017
Tel. (212) 223-0800
Fax: (212) 661-9860
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DOVER LIMITED,

                Plaintiff,

        vs.

A.B. WATLEY, INC., and A.B. WATLEY GROUP,
INC.,

                Defendants.

-------------------------------------------------------------X

**07 CV 11215**

Case No.

~~MISCELLANEOUS ACTION FOR ENTRY OF ORDER OF JUDGMENT~~ Complaint

        Plaintiff Dover Limited, by its attorney The Law Office of Thomas M. Mullaney, files this miscellaneous action and respectfully requests that this Court enter the attached order of judgment against A.B. Watley, Inc. ("Inc") and A.B. Watley Group, Inc. ("Group"), and would show as follows.

## PARTIES

    1.    Plaintiff Dover Limited ("Dover") is a foreign corporate entity with its principal place of business located in Singapore.

    2.    Defendant A.B Watley, Inc. ("Inc.") was and is a corporation organized under the laws of the State of New York, with its principal place of business located at 50 Broad Street, Suite 1728, New York, NY 10004.

3.    Defendant A.B. Watley Group, Inc. ("Group") was and is a corporation organized under the laws of the State of Delaware with its principal place of business located at 50 Broad Street, Suite 1728, New York, NY 10004.

## JURISDICTION

4.    This Court is vested with original jurisdiction over the claims herein pursuant to Title 28, United States Code, Section 1332, in that this is a civil action wherein the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and is between citizens of a state and citizens or subjects of a foreign state.

## VENUE

5.    Venue is proper in this District pursuant to Title 28, United States Code, Section 1391(b)(1),(2) in that one or more defendants reside in this District, a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this District, and defendants are subject to personal jurisdiction in this District, and Title 28, United States Code, Section 1391(c).

6.    In the alternative, venue is proper in this District pursuant to Title 28, United States Code, Section 1391(a)(2) in that this is a diversity action, one or more defendants reside in this District, a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this District, and defendants are subject to personal jurisdiction in this District.

## BASIS FOR ENTRY OF ORDER

7.    On October 8, 2007 Dover and the Defendants (and A.B. Watley Direct, Inc.) entered into a Settlement Agreement (the "Agreement") disposing of a litigation styled as *Dover Limited v. A.B. Watley Group, Inc., et al,* Case No. 04-Cv-7366 (FM), filed with the United States District Court, Southern District of New York.

8.      Pursuant to paragraph 2(a) of the Agreement, Inc and Group agreed to pay Dover $200,000 by October 15, 2007. Inc and Group defaulted on that payment. (the "Default").

9.      Pursuant to paragraph 4(a) of the Agreement, Inc and Group confessed to a judgment in the amount of $2,994,597.84. As evidence of that confession, Defendants executed a document entitled to "Confession of Judgment", which Dover's attorney agreed to hold in escrow pending expiration of a cure period if Defendants failed to satisfy their payment obligations under the Agreement. A copy of the Confession of Judgment is attached as Exhibit A.

10.     The Agreement at paragraph (4)(a)(i) further provides Dover with the authority to "docket and execute upon the Confession of Judgment and seek collection of the Confessed Sum [of $2,994,597.84 in any lawful manner" if Defendants did not cure their failure to remit payments under the Agreement. .

11.     On November 19, 2007, Magistrate Frank Maas entered a judgment on consent in the case styled as *Dover Limited v. A.B. Watley Group, Inc., et al,* Case No. 04-Cv-7366 (FM). A copy of the Judgment on Consent is attached as Exhibit B.

12.     On December 11, Magistrate Maas determined that he lacked jurisdiction over the case when he entered his prior decision. Accordingly, Magistrate Maas vacated the November 19, 2007 Judgment on Consent. A copy of the Decision and Order of Magistrate Frank Maas, dated December 11, 2007 (the "Decision"), is attached as Exhibit C.

13.     In his decision, Magistrate Maas instructed the parties that a plenary action should be brought, in either State or Federal Court, and noted that "[f]ederal courts can enter judgment by confession in an appropriate case." Decision, at p.4, n.4. Following Magistrate Maas's instructions, Dover has filed this present action and would request either that the Court enter the

attached Confession of Judgment in this case, or entry and of an Order of Judgment.in the form

attached as Exhibit D.

14.     One or the other should be entered because: (a) Inc and Group have confessed to a

judgment by the terms of the Agreement; (b) Inc and Group agreed to the entry of the November

19 Judgment on Consent; (c) Inc and Group did not dispute the entry of the Judgment on

Consent at the November 21 emergency hearing before Magistrate Maas, nor in their brief filed

in support of their application submitted to Magistrate Maas on November 30, 2007; (d) Inc and

Group have not cured their Default in the interim; and (e) pursuant to Paragraph 17 of the

Agreement, "[t]he Watley Defendants agree to sign such additional documents, and take all such

action consistent with the terms of this Agreement, as are reasonably required to effect the intent

and purpose of this Settlement Agreement" – which includes the attached Order of .

15.     In conclusion, Dover merely seeks the entry of an Order of Judgment,

substantively identical to the previously entered judgment on consent, but with a new docket

number, in order to navigate the procedural thicket into which this indisputable right of Dover's

has fallen.

Dated: New York, New York
        December 12, 2007

                                Respectfully submitted,

                                LAW OFFICES OF THOMAS M. MULLANEY

                                By: _____
                                     Thomas M. Mullaney (TM 4274)
                                Attorneys for Plaintiff
                                Dover Limited
                                708 Third Avenue, Suite 2500
                                New York, NY 10017
                                (212) 223-0800
                                (212) 661-9860 (facsimile)

4

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DOVER LIMITED,

             Plaintiff,

       -against-

A.B. WATLEY, INC., A.B. WATLEY GROUP,
INC., A.B. WATLEY DIRECT, INC.
and ALAIN ASSEMI

            Defendants.

------------------------------------------------------------- X
A.B. WATLEY, INC., A.B. WATLEY GROUP,
INC., and A.B. WATLEY DIRECT, INC.,

         Third-Party Plaintiffs,

       -against-

JOHN J. AMORE,

         Third-Party Defendant.
-------------------------------------------------------------X

Case No. 04 CV 7366 (FM)

**CONFESSION OF
JUDGMENT**

     The Defendants A.B. WATLEY, INC. and A.B. WATLEY GROUP, INC. in the above-captioned action hereby allow Plaintiff DOVER LTD. to take judgment in the amount of $2,994,597.84, less any installments of the Settlement Amount made by Defendants A.B. WATLEY, INC. and A.B. WATLEY GROUP, INC. This Confession of Judgment is for a debt justly to become due to the Plaintiff arising from the following facts:

     This Confession of Judgment is made pursuant to a Settlement Agreement dated October , 2007 entered into between, *inter alia*, the above-referenced parties, for the purpose of compromising claims between said parties in the above-captioned action on terms set forth therein.

Dated: New York, New York
      October ___, 2007

A.B. WATLEY, INC.

By: _____
    Robert Malin

A.B. WATLEY GROUP, INC.

By: _____
    Steven Malin

**ACKNOWLEDGEMENT**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

On this ___ day of October 2007, before me personally came Robert Malin, to me known, and known to me as the person described herein, and who executed the foregoing Confession of Judgment, and duly acknowledged to me that he executed the same.


_____
(Notary Public)

EDEN L. ROHRER
Notary Public, State of New York
No. 31-4967370
Qualified in _____
Commission Expires _____


**ACKNOWLEDGEMENT**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

On this ___ day of October 2007, before me personally came Steven Malin, to me known, and known to me as the person described herein, and who executed the foregoing Confession of Judgment, and duly acknowledged to me that he executed the same.


_____
(Notary Public)

EDEN L. ROHRER
Notary Public, State of New York
No. 31-4967370
Qualified in _____
Commission Expires _____

Exhibit B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/62

MAAS, MJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
DOVER LIMITED,

            Plaintiff,

       -against-

A.B. WATLEY, INC., A.B. WATLEY GROUP,
INC., A.B. WATLEY DIRECT, INC.
and ALAIN ASSEMI

            Defendants.
--------------------------------------------------------X
A.B. WATLEY, INC., A.B. WATLEY GROUP,
INC., and A.B. WATLEY DIRECT, INC.,

            Third-Party Plaintiffs,

       -against-

JOHN J. AMORE,

            Third-Party Defendant.
--------------------------------------------------------X

**Case No. 04 CV 7366 (FM)**

<u>**JUDGMENT ON CONSENT**</u>

\# 07, 2208

      Pursuant to the attached Confession of Judgment executed by A.B. Watley, Inc. and A.B. Watley Group executed October 8, 2007, and based upon the default by A.B. Watley, Inc., A.B. Watley Group, and A.B. Watley Direct, Inc of the Settlement Agreement between them and plaintiff Dover Limited, A.B. Watley, Inc., A.B. Watley Group, A.B. Watley Direct, Inc., and Dover Limited consent to judgment against A.B. Watley, Inc. and A.B. Watley Group in the amount of $2,994,597.84, no payments having been made to plaintiff

      ORDERED, ADJUDGED, AND DECREED that Plaintiff Dover Limited does recover of A.B. Watley, Inc. and A.B. Watley Group the total amount of $2,994,597.84, and that the Plaintiff shall have execution therefore.

ENTER:

_____
Hon. Frank Maas, Magistrate Judge
         11/19/07

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DOVER LIMITED and
WENDY SUI CHENG YAP,

                        Plaintiffs,        :      **DECISION AND ORDER**

                 -against-        :      04 Civ. 7366 (FM)

A.B. WATLEY, INC., et al.,

                     Defendants.

-------------------------------------------------------X

**FRANK MAAS,** United States Magistrate Judge.

I.     <u>Introduction</u>

        This fraud case, brought pursuant to the Securities Exchange Act of 1934 and state law, was discontinued with prejudice on October 9, 2007, following the parties' settlement.[1]  On November 19, 2007, after the defendants defaulted on their payment obligations set forth in the settlement agreement, the Court entered a Judgment on Consent in favor of plaintiff Dover Limited (the "Plaintiff").  Defendant A.B. Watley Direct, Inc. ("Direct") has now moved to enjoin the Plaintiff from enforcing that judgment against Direct.  For the reasons set forth below, I hold that this Court lacks

---

[1]     In November 2004, the parties consented to my exercise of jurisdiction over the matter pursuant to 28 U.S.C. § 636(c).  (<u>See</u> Docket No. 13).

jurisdiction not only to resolve this motion, but to have entered the Judgment on Consent. The Court therefore vacates that judgment and denies Direct's motion.

II.   Background

A.   Relevant Facts

1.   Underlying Case

The relevant facts were described in my two prior decisions in this case, see Dover Ltd. v. A.B. Watley, Inc., No. 04 Civ. 7366, 2006 WL 2987054 (S.D.N.Y. Oct. 18, 2006); Dover Ltd. v. A.B. Watley, Inc., 423 F. Supp. 2d 303 (S.D.N.Y. 2006), and are repeated only to the extent necessary to resolve Direct's motion.

2.   Procedural History

On October 8, 2007, the Plaintiff entered into a settlement agreement with A.B. Watley, Inc. ("Inc."), A.B. Watley Group, Inc. ("Group"), and Direct (collectively, the "Defendants"). (See Affirm. of Thomas M. Mullaney, Esq., dated Nov. 29, 2007, ¶ 3; Affirm. of Thomas M. Mullaney, Esq., dated Nov. 19, 2007, Ex. B ("Settlement Agreement")). The following day, the Court "so ordered" a Stipulation and Order of Discontinuance with Prejudice ("Stipulation"), which dismissed with prejudice all of the Plaintiff's claims against the Defendants.[2] (Docket No. 95). The Stipulation made no

---

[2]   Curiously, Wendy Sui Cheng Yap ("Yap"), the second named plaintiff in the original action, who is a director of Dover, is not mentioned in the Settlement Agreement, the Judgment on Consent, or the Stipulation. Yap apparently concedes that the dismissal of the action extinguished her claims because her lawyer, Thomas M. Mullaney, Esq., who also represents the Plaintiff, has deleted her name from the caption of every subsequently-filed court document. (See, e.g., Docket Nos. 95, 103).

mention of the Settlement Agreement, which I had not seen, signed or "so ordered." (Id.). Thereafter, on November 6, 2007, the Court entered a default judgment against third-party defendant John J. Amore, and the Clerk of the Court closed the case.[3] (See Docket No. 102).

### 3. Settlement Terms

Pursuant to the Settlement Agreement, Inc. and Group agreed to make monthly payments to the Plaintiff. (Settlement Agreement ¶ 2). This financial obligation did not extend to Direct, which was expressly released from any further liability to the Plaintiff. (Id.). Inc. and Group also executed a Confession of Judgment in the amount of approximately three million dollars, which the Plaintiff's counsel agreed to hold in escrow and not "docket, execute or enforce" unless "Inc. and Group" defaulted on their obligations. (Id. ¶ 4). The Plaintiff, in turn, agreed to release Inc. and Group from any further liability other than "for claims arising under" the Settlement Agreement. (Id. ¶ 15(b)). The Settlement Agreement provided that the parties "irrevocably submitt[ed] to the exclusive jurisdiction of the federal or state courts of the State of New York . . . over any action or proceeding arising out of or relating to [the Settlement] Agreement." (Id. ¶ 10).

---

[3]     The Court previously had signed a Stipulation and Order of Discontinuance as to the only other defendant, Alain Assemi, on October 5, 2007. (Docket No. 93).

### 4. Judgment on Consent

It is undisputed that Inc. and Group subsequently defaulted on their payment obligations. The Plaintiff therefore presented a "Judgment on Consent," which I signed on November 19, 2007, after the Plaintiff's counsel submitted an affirmation apprising me of the material terms of the Settlement Agreement, including the Confession of Judgment.[4] (See Docket No. 103; Affirm. of Thomas M. Mullaney, Esq., dated Nov. 19, 2007). That judgment decreed that the "Plaintiff Dover Limited does recover of [Inc.] and [Group] the total amount of $2,994,597.84, and that the Plaintiff shall have execution therefore [sic]." (Docket No. 103).

### 5. Enforcement of the Judgment

Following the entry of judgment, the Plaintiff served a restraining notice, pursuant to Section 5222 of the New York Civil Practice Law and Rules ("CPLR"), on Penson Financial Services, Inc., Direct's clearing broker. (See Defs.' Mem. at 4). The restraining notice sought to restrain not only the assets of Inc. and Group, but also the assets of Direct on an alter ego theory of liability. Direct now seeks to enjoin the Plaintiff from any effort to restrain Direct's assets, claiming that the Plaintiff released all of its claims against Direct in the Settlement Agreement. (Id. at 1-4).

---

[4] "Federal courts can enter judgment by confession in an appropriate case." In re Ross, 82 B.R. 241, 243 (S.D.N.Y. 1988) (citing Bowles v. J.J. Schmitt & Co., 170 F.2d 617, 621 (2d Cir. 1948)).

III.    Discussion

A.    Direct's Motion

The Plaintiff contends that it is "unclear" whether Direct's motion can be "heard by this specific Court" because the "application should have been brought to a randomly assigned judge" sitting in either state or federal court in New York County. (Pl.'s Mem. at 9-10). Upon reflection, I agree that this Court lacks subject matter jurisdiction over any attempt to enforce the Settlement Agreement, but for reasons different than those proffered by the Plaintiff.

In Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994), the Supreme Court held that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Accordingly, courts do not automatically have "jurisdiction . . . over disputes arising out of an agreement that produces" a stipulation of dismissal. Kokkonen, 511 U.S. at 378. Rather, in the "the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement." Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996) (citing Kokkonen).[5]

---

[5]    The party seeking to invoke the federal court's jurisdiction "bears the burden of showing that he [is] properly before" the court. Scelsa, 76 F.3d at 40. For that reason, it "is to be presumed that a cause lies outside" a federal court's "limited jurisdiction." Kokkonen, 511 U.S. at 377.

Here, the Stipulation did not refer to the Settlement Agreement, incorporate its terms, or specifically reserve jurisdiction for the Court.[6]  Indeed, I was not even aware of the parties' settlement terms when the case was dismissed.  See Kokkonen, 511 U.S. at 381 ("judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order"); Scelsa, 76 F.3d at 41 (mere reference to settlement agreement in dismissal order is not enough to establish jurisdiction).  In these circumstances, unless there is "some independent basis for federal jurisdiction," "enforcement of the settlement agreement is for [the] state courts." Kokkonen, 511 U.S. at 382.

In this case, it appears that such an independent basis of jurisdiction exists under 28 U.S.C. § 1332 because the Plaintiff is a citizen of a foreign state (as is Yap), the Defendants are citizens of the United States, and the amount in controversy exceeds $75,000.  (See Docket No. 68 (Third Amended Complaint); Settlement Agreement).

---

[6]     The Stipulation reads:

   IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorney for Plaintiff Dover Limited and the attorneys for defendants A.B. Watley, Inc., A.B. Watley Group, Inc., and A.B. Watley Direct, Inc., in the above-entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party herein has an interest in the subject matter of this action, that all of Plaintiff's claims against defendants A.B. Watley, Inc., A.B. Wately Group, Inc., and A.B. Watley Direct, Inc. be, and the same hereby are, dismissed with prejudice and without costs, disbursements and/or attorneys' fees to either party as against the other.  This Stipulation may be filed without further notice with the Clerk of the Court. . . .  SO ORDERED.

(Docket No. 95).

As the Plaintiff correctly observes, the fact that a judge in this District might have jurisdiction to hear the present controversy does not mean that this judge should entertain their dispute. Both the Plaintiff and Direct are seeking "enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement." Kokkonen, 511 U.S. at 378. Accordingly, because their dispute does not arise out of the Plaintiff's original securities law claims, both sides are asking me to address a new breach of contract claim which this Court lacks jurisdiction to adjudicate in this closed case. The proper procedure therefore is for the Plaintiff or Direct to bring a new action.

This conclusion is supported by two cases arising under similar facts. In Cross Media Mktg. Corp. v. Budget Mktg., Inc., 319 F. Supp. 2d 482 (S.D.N.Y. 2004), after the parties settled a Lanham Act case the court approved their stipulation of discontinuance. Although the settlement agreement provided that the district court would retain jurisdiction to enforce its terms, the settlement agreement was neither filed, nor approved by the court, nor referenced in the stipulation. Id. at 482-83. After the defendants defaulted, the plaintiff moved to reopen its case and enter judgment for the unpaid balance under the agreement. Id. at 483. Citing Kokkonen, Judge Kaplan held that he lacked "jurisdiction over plaintiff's current claim" and that the proper "remedy [was] to sue on the settlement agreement." Id. He noted further that even though there "appear[ed] to be diversity of citizenship and thus a basis for subject matter jurisdiction,"

7

the plaintiff still would "have to commence a new action and pay a filing fee to sue on the agreement." Id.

　　　　More recently, in Geiringer v. Pepco Energy Servs., Inc., No. Civ. 05-4172, 2007 WL 4125094 (E.D.N.Y. Nov. 16, 2007), the parties stipulated to a settlement on the record during the course of a trial. After the defendant failed to comply with its terms, the plaintiff sought an order compelling the defendant to do so. Id. at *1. The parties' oral stipulation, however, had failed to retain the jurisdiction of the court. Relying on Kokkonen, Magistrate Judge Wall therefore held that enforcement of the agreement was a matter for "the state courts, unless there is some independent basis for jurisdiction." Id. Although, the plaintiff argued that the judge could decide his motion because diversity jurisdiction existed, Magistrate Judge Wall rejected this claim. The judge held that even if diversity jurisdiction existed, it meant only that the plaintiff could initiate a new action for breach of contract in federal court. As he explained, the existence of diversity jurisdiction "does not mean that the contract dispute involving the settlement agreement can be decided in the context of the now-closed action." Id.; see also 4-49 Federal Litigation Guide P 49.61 (2007) ("party seeking enforcement of the settlement agreement may bring a separate action for breach of the settlement agreement"). But see Brown v. M/V "Global Link", No. 01 Civ. 8298, 2003 WL 22015439 (S.D.N.Y. Aug. 26, 2003) (district court retained jurisdiction and reinstated action to enforce settlement based on independent basis of admiralty jurisdiction).

The Court consequently cannot entertain, much less grant, Direct's motion to enjoin the Plaintiff's efforts to restrain Direct's assets.

B.    Other Consequences of the
      Court's Failure to Retain Jurisdiction

As the Geiringer and Cross Media decisions establish, a court should not exercise jurisdiction in a closed case where, as here, the terms of the settlement agreement were not incorporated into the dismissal order and the court did not retain jurisdiction. Accordingly, it was error for this Court to enter the Judgment on Consent enforcing the Settlement Agreement after the case was closed. The Judgment on Consent therefore must be vacated.

Vacatur of the judgment is, of course, without prejudice to the Plaintiff's right to initiate a new action in either state or federal court. Moreover, if the Confession of Judgment complies with Section 3218 of the CPLR, the Plaintiff may be able to secure a judgment by filing it with the clerk of the county designated therein without having to commence an action. See CPLR § 3218(a), (b).

IV.    Conclusion

For the reasons set forth above, this Court lacks subject matter jurisdiction in this closed case to enforce the Settlement Agreement. The Clerk of the Court is therefore directed to vacate the Judgment on Consent entered on November 19, 2007.

(Docket No. 103). Additionally, Direct's application to restrain enforcement of the judgment is denied.

SO ORDERED.

Dated:       New York, New York
             December 11, 2007

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Thomas M. Mullaney, Esq.
Law Offices of Thomas M. Mullaney
(212) 661-9860 (fax)

Donald G. Davis, Esq.
Ellenoff Grossman & Schole LLP
(212) 370-7889 (fax)

Jordan Rosenfeld
Mayer Brown LLP
(212) 849-5971 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581

CHAMBERS OF
FRANK MAAS
UNITED STATES MAGISTRATE JUDGE

TEL: (212) 805-6727
FAX: (212) 805-6724

# FACSIMILE COVER SHEET

**DATE:**       December 11, 2007

**TO:**         Thomas M. Mullaney, Esq.
                Law Offices of Thomas M. Mullaney
                (212) 661-9860 (fax)

                Donald G. Davis, Esq.
                Ellenoff Grossman & Schole LLP
                (212) 370-7889 (fax)

                Jordan Rosenfeld
                Mayer Brown LLP
                (212) 849-5971 (fax)

**FROM:**       Evan Hudson-Plush
                Law Clerk, U.S.M.J. Frank Maas

**RE:**         Dover Ltd., et al. v. A.B. Watley, Inc., et al., 04 Civ. 7366 (FM)

**COMMENTS:**   Please disregard pages 9 and 10 of the previous fax of the Decision
                and Order and replace them with pages 9 and 10 in this fax.

                If you have any questions, please call me at (212) 805-6730.

## NO. OF PAGES INCLUDING COVER SHEET   3

If you experience any problems with this transmission, please call Chambers at the above
number.

The Court consequently cannot entertain, much less grant, Direct's motion to enjoin the Plaintiff's efforts to restrain Direct's assets.

B.    Other Consequences of the
      Court's Failure to Retain Jurisdiction

As the Geiringer and Cross Media decisions establish, a court should not exercise jurisdiction in a closed case where, as here, the terms of the settlement agreement were not incorporated into the dismissal order and the court did not retain jurisdiction. Accordingly, it was error for this Court to enter the Judgment on Consent enforcing the Settlement Agreement after the case was closed. The Judgment on Consent therefore must be vacated.

Vacatur of the judgment is, of course, without prejudice to the Plaintiff's right to initiate a new action in either state or federal court. Moreover, if the Confession of Judgment complies with Section 3218 of the CPLR, the Plaintiff may be able to secure a judgment by filing it with the clerk of the county designated therein without having to commence an action. See CPLR § 3218(a), (b).

9

## IV.    Conclusion

For the reasons set forth above, this Court lacks subject matter jurisdiction in this closed case to enforce the Settlement Agreement. The Clerk of the Court is therefore directed to vacate the Judgment on Consent entered on November 19, 2007. (Docket No. 103).

SO ORDERED.

Dated:       New York, New York
             December 11, 2007

FRANK MAAS
United States Magistrate Judge

Copies to:

Thomas M. Mullaney, Esq.
Law Offices of Thomas M. Mullaney
(212) 661-9860 (fax)

Donald G. Davis, Esq.
Ellenoff Grossman & Schole LLP
(212) 370-7889 (fax)

Jordan Rosenfeld
Mayer Brown LLP
(212) 849-5971 (fax)

10

Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOVER LIMITED,                                          :
                                                        :
                                                        :        Case No.
                      Plaintiff,                        :
                                                        :
        vs.                                             :        **ORDER OF ENTRY**
                                                        :        **OF JUDGMENT**
A.B. WATLEY, INC., and A.B. WATLEY GROUP,               :
INC.,                                                   :
                                                        :
                      Defendants.                       :
                                                        :
-----------------------------------------------------------------X

        Pursuant to the attached Confession of Judgment executed by A.B. Watley, Inc. and A.B.
Watley Group executed October 8, 2007, and based upon the default by A.B. Watley, Inc. and
A.B. Watley Group of the Settlement Agreement between them, and the proceedings had in the
action styled Dover Limited v. A.B. Watley, Inc., *et al.,* Case no. 04-Cv-7366 (FM), it is

        ORDERED, ADJUDGED, AND DECREED that Plaintiff Dover Limited does
recover of A.B. Watley, Inc. and A.B. Watley Group the total amount of $2,994,597.84, and that
the Plaintiff shall have execution therefore.

ENTER:


_____
U.S.D.J.