UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOVER LIMITED,                                          :
                                                        :
                                                        :  Case No. 07-Cv-11215(DLC)(FM)
        Judgment Creditor,                              :
                                                        :
  vs.                                                  :
                                                        :
A.B. WATLEY, INC., and A.B. WATLEY GROUP,               :
INC.,                                                   :
                                                        :
        Judgment Debtors.                               :
                                                        :
-----------------------------------------------------------------X


# MEMORANDUM OF LAW OF JUDGMENT CREDITOR DOVER LIMITED IN SUPPORT OF OBJECTIONS TO CORRECTED ORDER OF MAGISTRATE FRANK MAAS

LAW OFFICES OF THOMAS M. MULLANEY
708 THIRD AVENUE, SUITE 2500
NEW YORK, NEW YORK 10017

Tel.: (212) 223-0800
Fax: (212) 661-9860

Judgment Creditor Dover Ltd. ("Dover") respectfully submits this Memorandum of Law, along with the Declaration of Thomas M. Mullaney, Esq, executed on March 27, 2008 ("Mullaney Decl."), in support of its objections to the Corrected Order of Magistrate Frank Maas, dated March 10, 2008 (the "Order"). The Order prohibits Judgment Creditor from issuing any subpoena on the Judgment Debtors' attorneys "until the issue of whether the plaintiff has released Direct from any alter-ego liability has been resolved[]" by this Court. A copy of the Order is attached as Exhibit A to the Mullaney Decl, ¶ 3. At paragraph 2 of his Order, Magistrate Maas also curtailed Judgment Creditors' rights to issue Restraining Notices, presumably also on the theory that Judgment Creditor released Direct from any alter-ego liability for any reason for all time. Magistrate Maas indicated that the alter-ego liability issue was dispositive at paragraph 3. The Order contains no findings of fact or law. For all of the reasons set forth below, this Court should find that neither Direct nor any Judgment Debtor was released from liability for any cause of action under any theory of vicarious liability, "alter-ego" or otherwise.

## PROCEDURAL HISTORY

The Watley parties, who are A.B. Watley, Inc. ("Inc"), A.B. Watley Group, Inc. ("Group"), and A.B. Watley Direct, Inc. ("Direct") entered into a Settlement Agreement with Dover on October 8, 2007 in the case entitled *Dover, Ltd. v. A.B. Watley, Inc., et al.*, 04-Cv-7366, which Agreement contained mutual release language that excluded claims arising under the Agreement. Mullaney Decl., ¶ 4, Ex. B, attaching a copy of the Settlement Agreement (see p.11). The span of the release, presuming it is effective, is from "the beginning of the world to the day of the date of this Agreement." *Id.* at 12.

The Watley parties materially breached the Settlement Agreement immediately. Pursuant

to the Settlement Agreement, Dover held a Confession of Judgment which it was entitled to have entered some time after the breach. Magistrate Maas, before whom all parties had consented to preside over the case for all purposes, entered a Judgment based on the Confession of Judgment, *inter alia,* that Dover had held in escrow. Dover then began judgment enforcement efforts on all of the Watley parties, based upon the rules of law that i) a party in material breach of a contract may not seek its enforcement, rendering the Settlement Agreement's terms moot as to the Watley parties, as they had not paid one cent despite the Agreement, ii) the theory of "alter-ego" liability is not a claim, and thus was not something that was released, and iii) that seeking to impose vicarious liability on an entity to enforce a judgment entered after October 8, 2007, the day of the date of the Agreement, was permissible in any event.

Magistrate Maas granted the Watley parties' emergency motion for a protective order, and ordered briefing from both parties on the above-enumerated issues. On December 14, 2007, Magistrate Maas issued an Amended Decision and Order that did not reach any of the above-enumerated legal issues, as Magistrate Maas now ruled that he had lacked jurisdiction to enter the then-judgment, and vacated it.

Dover then initiated this action, in which Judgment was entered by Your Honor on December 13, 2007 (Magistrate Maas' unamended Decision and Order had issued on December 11, 2007). Dover then began judgment enforcement proceedings based upon the December 14, 2007 judgment. On February 1, 2008 Dover wrote Magistrate Maas seeking Court intervention to compel document responses and testimony of the Watley parties, who had not appeared for their noticed depositions. Mullaney Decl., ¶ 5, Ex. C. The Watley parties did not respond within thirty (30) days, nor did Magistrate Maas rule on the February 1 application.

On March 3, 2008 Dover similarly moved for Court intervention compelling the

2

responses of the Watley parties' attorneys to a subpoena *duces tecum*. <u>Mullaney Decl.</u>, ¶ 6, Ex. D. Magistrate Maas set March 6 as the date for a conference on the two applications, and on March 6 the Watley parties did respond, reiterating the argument that their extremely limited responses to discovery demands were appropriate in light of what they termed a General Release (there is in fact no release separate from the Settlement Agreement), and that the underlying "veil-piercing allegations" had been dismissed with prejudice. <u>Mullaney Decl.</u>, ¶ 7, Ex. E (attaching Watley parties' response). Magistrate Maas interpreted this response as a motion for a protective order and granted it from the bench on March 6, 2008, directing that the parties brief the issue of the effectiveness and scope of the release term of the Settlement Agreement before Your Honor.

## **ARGUMENT**

### I.

### **WATLEY PARTIES ARE NOT ENTITLED TO PROTECTIVE ORDER GRANTED BELOW**

For dispositive matters, a reviewing court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Cordius Trust v. Kummerfield,* 2004 WL 616125, *3 (S.D.N.Y. 2004)(DLC). The court "shall make a *de novo* determination of those portions of the Report to which objection is made." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In this case Magistrate Maas' Order is predicated entirely on Your Honor's ruling on dispositive matters, without independent findings or recommendations, so *de novo* review is appropriate.

1. **Watley Parties in Material Breach of Settlement Agreement, and So Cannot Seek Its Enforcement**

3

It is well-settled law in New York that when one party materially breaches a contract, it may not seek the other party's performance. *National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 204 (2d Cir. 1989)(a material breach excuses performance by the other party to a contract); *Federal Deposit Ins. Corp. v. Bernstein*, 786 F. Supp. 170, 180 (E.D.N.Y. 1992)(since performance of a contract is usually a constructive condition of each obligor's promise, lack of performance will relieve an obligor of his duty to honor the contract); Robert L. Haig, Commercial Litigation in New York State Courts, § 51.3(6), p. 22. The Watley Defendants are seeking the adherence of Dover to the Settlement Agreement, which they have materially breached. But they have paid nothing under the Settlement Agreement, the *sine qua non* of a material breach, and so may not seek its enforcement nor a protective order based on its terms. *E.g. Federal Deposit Ins. Corp.*, 786 F. Supp. at 181 (by failing to tender the remaining balance of the settlement sum, approximately fifty percent thereof, a party committed a material breach that went to heart of the agreement). Thus the release language within the Settlement Agreement should not even be considered by the Court.

2.      **Dover Did Not Release Rights That It Did Not Yet Have**

Even overlooking the Watley parties' material breach of the Settlement Agreement, the Settlement Agreement simply does not contain a release of rights by Dover that it did not, and could not, have before becoming a judgment creditor. "[T]he right to execute on a New York judgment arises when the judgment is entered[.]" *JSC Foreign Econ. Ass'n Technostroyexport v. Intl. Dev. and Trade Svcs.*, 295 F.Supp.2d 366, 375-76 (S.D.N.Y. 2003). The right to execute is distinct from the rights to sue on tort and contract. *Id.* at 375. *See also Unex Ltd v. Arsygrain Int'l Corp.*, 102 Misc.2d 810, 811, 424 N.Y.S.2d 583, 584 (Sup. Ct, New York Cty., 1979).

4

For example, it is well-established that a creditor's bill could be brought only by a creditor who had already obtained a judgment establishing the debt. *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 319, 119 S.Ct 1961, 1968, 144 L.Ed.2d 319 (1999)(*internal citations omitted*)(treating restraining notice as analogous to the creditor's bill of equity jurisprudence). Also, a fraudulent conveyance claim provides a remedy for the transfer of assets only by the *judgment debtor* to a third-party. *AG Worldwide v. RedCube Mgmt*, 2002 WL 417251 (S.D.N.Y. 2002)(GEL)(emphasis added).

The Settlement Agreement itself is quite specific, and Dover would have broadly-released claims and rights that had accrued as of October 8, 2007 had the Watley parties not materially breached it, but not after. It also specifically preserved Dover's rights to enforce the judgment, entered on December 14, 2007 by any means available in law or equity. The Settlement Agreement nowhere limits Dover's rights as a Judgment Creditor, accruing as of December 14, as opposed to its rights as a plaintiff, accrued before October 8. *Cf. Travelers Casualty and Surety Co. of America v. Trataros Constr.*, 11 Misc.3d 1092(A), 819 N.Y.S.2d 852 (parties releasing all claims they may have against each other *until the end of time*)(*emphasis added*). To affect such a waiver of crucial, post-judgment rights, the Settlement Agreement would have to have included specific language doing so. *See Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 N.Y.2d 966, 968, 520 N.E.2d 512, 514, 525 N.Y.S.2d 793 (N.Y. 1988); *Consolidated Edison, Inc. v. Northeast Utilities*, 332 F.Supp.2d 639, 648 (S.D.N.Y. 2004). It did not.

In fact, the attorneys for Dover and the Watley Defendants never even discussed limiting Dover's rights as a Judgment Creditor; we only agreed that Direct would not itself be liable for a breach of the Settlement Agreement. Mullaney Decl., at ¶ 8. Because the attorneys never discussed limiting the claims that Dover could assert as a Judgment Creditor, and in fact

explicitly preserved them in the agreement itself, the Settlement Agreement cannot now be read to limit those rights under any circumstances. *See Consolidated Edison*, 332 F.Supp.2d at 650 (failure to discuss impact of release in previous action precludes applying release to subsequent action). Lastly, even if there were such ambiguity concerning the release language and the intent of the parties in the Settlement Agreement, it would be a question of fact for a jury to decide in a turnover proceeding. *Navillus Tile, Inc. v. Turner Constr. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (App. Div. 1st Dep't, 2003).

### a. "Alter Ego" Doctrine a Theory of Vicarious Liability, Not a Cause of Action

Although termed a "frivolous argument" by the Watley parties in the November briefing, an effort to impose liability on a party as an alter-ego is a theory of vicarious liability, and not an independent cause of action. *See In Re Parmalat Sec. Litig.*, 412 F.Supp.2d 392, *citing, e.g., Amendolare v. Schenkers Int'l Forwarders, Inc.*, 747 F. Supp. 162, 168 (E.D.N.Y. 1990). For example, "an action to pierce the corporate veil is not itself an independent cause of action, but rather is a means of imposing liability on an underlying cause of action." *Cordius Trust v. Kummerfield*, 2004 WL 616125, *3 (S.D.N.Y. 2004)(DLC), *aff'd*, 2005 WL 2460706, *1 (2d Cir. 2005)("An attempt by a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it as an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners.")

The Watley entities themselves recognized that Group and Direct were not named in any of the specific counts of the Third Amended Complaint. <u>Mullaney Decl.</u>, ¶ 9, Ex. F (at p. 6). Rights that a plaintiff may have in tort and contract cases are not the equivalent of rights enjoyed by a judgment creditor; the plaintiff's claims must still be prosecuted to conclusion before its

claims as a judgment creditor are cognizable. Thus the release language at issue would have to have provided for the release of future or potential claims not cognizable on October 8, 2007. It did not.

### b. Execution On Direct Based On Alter Ego Doctrine Not An Action Against Direct

Judgment enforcement efforts aimed at Direct based on the theory that it is the alter ego of the Judgment Debtor(s) actually target the Judgment Debtors, and not the fictional "Direct", in any event. "The [New York] Court of Appeals observed that once alter ego status is established, 'the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the *alter egos* are treated as one entity.'" *JSC*, 295 F.Supp.2d at 376, *citing William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 143 (2d Cir. 2003); *see also Network Ent., Inc. v. APBA Offshore Prod.*, 2002 WL 31050846 (S.D.N.Y. 2002)(CSH). Thus, a turnover proceeding aimed at Direct's assets and property is properly viewed as an action against the Judgment Debtor(s), rather than an action to impose a liability on a third party. *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001).

### c. Other Theories Of Vicarious Liability Are Available to Dover

Dover enjoys the right to base its judgment collection efforts, whether in the CPLR, the DCL, the BCL, or the Judiciary Law, on any other applicable theory of vicarious liability as well. Most pointedly, Dover enjoys the right to attempt to impose successor liability against Direct, as a successor to Inc, because Magistrate Maas forbade Dover from pleading that theory of tort and contract liability in its Third Amended Complaint. Dover could not release a right the Court said that it did not have. There appears to be no other reason why Dover as judgment creditor cannot

seek Direct's assets as a successor to Inc. *Network Ent.*, 2002 WL at 7 (enumerating bases for imposing successor liability).

3. **Res Judicata/Collateral Estoppel**

Although raised only briefly in the Watley parties March 6 letter, in the mooted briefing they had previously argued that the stipulation of discontinuance with prejudice immunized Direct from future efforts to enforce the judgment against Direct by operation of *res judicata* (not mentioning collateral estoppel). The Watley parties confuse the two related but distinct issues, and are incorrect that the discontinuance with prejudice precludes any assertions of vicarious liability against Direct.

The theory of *res judicata* operates to preclude the assertion of causes of action that had previously been litigated. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 868, 99 L.Ed.1122 (1955); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-88 (2d Cir. 2002). *Res judicata* does not apply because alter-ego liability is not a cause of action.

Moreover, "a prior judgment cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Id.* at 287, *citing Lawlor*, 349 U.S. at 328. That is true even where both suits involved essentially the same course of wrongful conduct. *Id.* Judgment enforcement efforts were unavailable to Dover on October 8, 2007. The questions of whether Direct would be vicariously liable for Inc and Group's torts and breaches of contract in 2003 is a question different from whether Direct is vicariously liable for a judgment in 2008

"Alter ego" is not a claim of course, so the correct doctrine to apply is collateral estoppel, which prevents parties from relitigating an issue of fact or law that was fully and fairly litigated in a prior proceeding. *Id.* at 288, *citing Boguslavsky v. Kaplan*, 159 F.3d 715, 719-20 (2d Cir.

8

1998).  Where a stipulation of settlement is unaccompanied by findings, it does not bind the parties on any issue…which might arise in connection with another cause of action." *Lawlor,* 349 U.S. at 327, 75 S.Ct. 865; *Motrade v. Rizkozaan, Inc.*, 1998 WL 108013, *5 (S.D.N.Y. 1998)(DC)("To have a preclusive effect on specific issues or facts, however, a voluntary dismissal must also be accompanied by specific findings sufficient for a subsequent court to conclude that certain matters were actually decided.").  The stipulation of dismissal of the underlying action has no findings of fact at all accompanying it, thus Dover is not collaterally estopped from applying theories of vicarious liability against the Watley parties as a result of that Stipulation.  Mullaney Decl., ¶ 10, Ex. G.

### 4.     Group and Direct Continue to Abuse the Corporate Form

In February 21, 2008 Janice Johnson testified as a consultant for all of the Watley parties pursuant to subpoena.  Mullaney Decl., ¶ 10, Ex. H (attaching excerpts of the Transcript of Deposition of Janice Johnson ("Johnson Tr.")), p.7, li.23 – p.10, li.2.  She admitted that she managed the operations of Group, which meant paying its judgments with the assets of Direct, in no particular order, through Direct's bank account, because Group did not keep one.  Johnson Tr., p.10, li.25 – p.11, li.11; p.32, li.9 – p.33, li. 6; p.38 – li.8-17; p.43, li.16 – p.44, li.2.  Group evidently did not have an office at the time Ms. Johnson began her consulting for the Watley parties some two years ago, and does not now, and has had no employees, and exists solely as a shell to warehouse debts its predecessors, alter-egos, or subsidiaries might incur.  *See id.* at p.13, li.5 – p.14, li.14.  Surprisingly, Group is a public company, although the last SEC filing that Ms. Johnson was allegedly aware of was made in March of 2005.  *Id.* at p.15 – li.5-22.  That SEC filing states that Group derives the majority of its revenue from Direct, a falsehood that has not yet been corrected, probably so creditors will be deceived into thinking that Group has revenue.

Ms. Johnson candidly testified that she had read the Settlement Agreement and "was worried" because Group had no liquid assets and no bank accounts. *Id.* at p.35, li.8-20. Thus the Settlement Agreement was fraudulent because the Watley parties' secret policy at the time of the Settlement Agreement was that Group never made payments of its own debts, and did not accept revenue, despite its public representations otherwise. To the extent the Court is inclined discretion in this matter, the equities are certainly not in the Watley parties' favor..

## CONCLUSION

For the reasons set forth above, Plaintiff and Judgment Creditor Dover Limited respectfully requests that the Judgment Debtors' application be denied in its entirety.

Dated: New York, New York
       March 27, 2008

                         Respectfully submitted,

                         LAW OFFICES OF THOMAS M. MULLANEY

                         By: _____
                            Thomas M. Mullaney (TM-4274)
                         708 Third Avenue, Suite 2500
                         New York, New York 10017
                         (212) 223-0800
                         Attorney for Judgment Creditor
                         Dover Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOVER LIMITED,

                Judgment Creditor,                Case No. 07-Cv-11215(DLC)(FM)

   vs.

A.B. WATLEY, INC., and A.B. WATLEY GROUP, INC.,

                Judgment Debtors.

------------------------------------------------------------X

## CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury that on March 27, 2008 I caused a true and correct copy of JUDGMENT CREDITOR'S MEMORANDUM OF LAW, and DECLARATION OF THOMAS M. MULLANEY in the above-captioned action to be served by electronic mail, by previous agreement, on the following person(s):

Donald G. Davis, Esq.
Ellenoff Grossman & Schole LLP
150 East 42nd St.
New York, NY 10017
Attorneys for Judgment Debtors
A.B. Watley Inc., and A.B. Watley Group, Inc.

                                            Thomas M. Mullaney (TM 4274)